428 P.2d 996

The STATE of Arizona ex rel. ARIZONA HIGHWAY DEPARTMENT, Petitioner,

v.

Obed M. LASSEN, Commissioner, State Land Department, Respondent.

No. 8620.

Supreme Court of Arizona.

In Banc.

June 1, 1967.

Gary K. Nelson, Asst. Atty. Gen., for petitioner.

Dale Shumway, Sp. Asst. Atty. Gen., for respondent.

Rex E. Lee (of Jennings, Strouss, Salmon & Trask), Phoenix, for Salt River Project Agricultural Improvement and Power District, amicus curiae.

Richard J. Riley, Cochise County Atty., Bisbee, William D. Baker (of Rawlins, Ellis, Burrus & Kiewit), Phoenix, for Electrical Districts No. 3 and No. 4, Pinal County, amici curiae.

Anthony Van Wagenen, Jr., Phoenix, for Electrical Districts No. 2 and No. 5, Pinal County, amicus curiae.

William Copple (of Westover, Copple, Keddie & Choules), Yuma, for Wellton-Mohawk Irrigation and Drainage District, Yuma, amicus curiae.

Robert W. Pickrell, former Atty. Gen. of Arizona, Darrell F. Smith, Atty. Gen., E. Leigh Larson, Santa Cruz County Atty., Nogales, amici curiae.

## ORDER VACATING WRIT OF PROHIBITION

PER CURIAM:

On December 14, 1964, the State Land Commissioner, after notice and hearing of a proposed change in the granting of new rights of way and material sites over lands granted to the State of Arizona by the Federal Government pursuant to the Enabling Act of Arizona, June 20, 1910, c. 310, 36 U.S.Stat. 557, 568–579, and, after holding a hearing on same, adopted the following rule designated as Rule No. 12 of the State Land Department, to-wit:

"State and County highway Rights-of-Way and Material Sites may be granted by the Department for an indefinite period for so long as used for the purpose granted after full payment of the appraised value of the Right-of-Way or Material Site has been made to the State Land Department. The appraised value of the Right-of-Way or Material Site shall be determined in accordance with the principles established in ARS 12–1122."

The State of Arizona ex rel. Arizona Highway Department appeared and objected to this rule, which objection was overruled by the Land Commissioner. The State of Arizona ex rel. Arizona Highway Department then filed a petiiton for a writ of prohibition to prevent respondent from enforcing this rule, and an alternative writ of prohibition was granted by this court. Thereafter, by decision on the 12th day of November 1965 (99 Ariz. 161, 407 P.2d 747), we ordered that the writ be made permanent. The State Land Commissioner filed a petition for a writ of certiorari in the Supreme Court of the United States, which was granted. The Supreme Court of the United States, on February 6, 1967, entered the following mandate:

"WHEREAS, lately in the Supreme Court of Arizona, there came before you a cause between The State of Arizona, ex rel. Arizona Highway Department, petitioner, and Obed M. Lassen, Commissioner, State Land Department, respondent, No. 8620, wherein the judgment of the said Supreme Court was duly entered on the 12th day of November A.D. 1965, as appears by an inspection of the transcript of the record of the said Supreme Court which was brought into the SUPREME COURT OF THE UNITED STATES by virtue of a writ of certiorari as provided by act of Congress.

"AND WHEREAS, in the October Term, 1966, the said cause came on to be heard before the SUPREME COURT OF THE UNITED STATES on the said transcript of record, and was argued by counsel:

"ON CONSIDERATION WHEREOF, it was ordered and adjudged on January 10, 1967, by this Court that the judgment of the said Supreme Court in this cause be reversed with costs, and that this cause

be remanded to the Supreme Court of the State of Arizona for further proceedings not inconsistent with the opinion of this Court.

"IT WAS FURTHER ORDERED that Obed M. Lassen, Commissioner, State Land Department, recover from Arizona ex rel. Arizona Highway Department, Four Hundred and Sixty Dollars and Fourteen Cents ($460.14) for his costs herein expended.

"NOW, THEREFORE, THE CAUSE IS REMANDED to you in order that such proceedings may be had in the said cause, in conformity with the judgment of this Court above stated, as accord with right and justice, and the Constitution and laws of the United States, the said writ notwithstanding."

In accordance with this mandate, the writ of prohibition heretofore entered by this Court is vacated and quashed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER, UDALL and LOCKWOOD, JJ., concur.